```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

       **v.**          **Civil No. 07-3061**

**FRED NEAL, JR., individually and as
TRUSTEE of the FRED NEAL, JR.,
REVOCABLE TRUST; DORIS NEAL,
individually and as TRUSTEE of the
DORIS NEAL REVOCABLE TRUST; JOHN
H. SINCLAIR, as TRUSTEE of DEEP
WATER DESIGNS; and DAVIS MUNCK, P.C.**                          **DEFENDANTS**

### O R D E R

    Now on this 3rd day of June, 2008, the captioned case comes on for consideration, and the Court, being well and sufficiently advised, finds and orders as follows:

    1.   In this action the plaintiff seeks to foreclose certain federal tax liens against defendants Fred Neal, Jr. ("Fred Neal") and Doris Neal, which liens are said to have attached to certain described real property (the "Property").  It is alleged that defendants John H. Sinclair ("Sinclair") and Davis Munck, P.C., ("Davis Munck") may claim an interest in the Property.

    All defendants have answered, and plaintiff has moved for judgment on the pleadings.

    2.   Before taking up the merits of this motion, the Court has found it necessary to consider whether it should recuse -- because of certain activities on the part of defendants, Fred Neal and Doris Neal.

On May 14, 2008, defendants Fred Neal and Doris Neal each filed a document entitled DUE PRESENTMENT UNDER NOTARY SEAL DEMAND FOR PAYMENT. Each such filing has several attachments, two of which are relevant to the Court's recusal analysis:

* One such attachment is a document entitled BONDED PROMISSORY NOTE which purports to evidence a loan to the Court, as well as Stephanie Page (attorney for the government in this case) and Christopher Johnson (Clerk of the United States District Court of the Western District of Arkansas) in the sum of $50,000,000.00.

* The other is a 2008 IRS Form 1099-OID, which purports to document "Federal income tax withheld" in the sum of $50,000,000.00, the Payer being Fred Neal, Jr., and the Court being shown as a recipient of the funds along with Page and Johnson.

In addition to these filings, the Court has received by direct mail certain documents from one Mary Coulter-Croswhite, a Notary Public in Marion County, Arkansas, purporting to evidence "non-performance" of the Court, Page, and Johnson on the bogus "promissory note" described above. The Court has caused these documents to be filed as document #20 in this case.

3. The Court knows, of its own knowledge, that the above-described documents are patently false with respect to him personally and has no doubt that they are also patently false with respect to Page and Johnson. It would thus appear to the Court that the uses being made of these false documents by defendants,

Fred Neal and Doris Neal, may well be acts taken in furtherance of the crimes of mail fraud, tax fraud, obstruction of justice, and perhaps other criminal conduct as well.  By copy of this Order, therefore, the Court is referring the matter to the United States Attorney for the Western District of Arkansas and requesting that an appropriate investigation of the matter be undertaken.

    4.    Recusal is mandated, both by **28 U.S.C. §455** and by **Canon 3** of the **Codes of Conduct for United States Judges**, in any case where the Court's "impartiality might reasonably be questioned," or where the Court "has a personal bias or prejudice concerning a party" or "personal knowledge of disputed evidentiary facts concerning a proceeding."  The Court finds that each of these situations exists in this case.

    The conduct of the Neals -- in making a totally unfounded claim that they have loaned money to the Court -- might very well cause reasonable persons to question whether the Court could be impartial toward the Neals, as well as whether their conduct would generate personal bias against them on the part of the Court. Indeed, the Court believes this could be what was intended by the Neals, and that they may hope to gain a litigation advantage by bringing about the disqualification of the Court through the use of the bogus documents.

    Furthermore, while the Neals' spurious pleadings make it difficult to understand their "theory" of defense, the Court

suspects they are trying to allege that they have loaned money to the Court, along with Johnson and Page; that it has not been repaid; and that, therefore, they are entitled to an offset for those unpaid "funds," as against their undisputed tax debt.  If that is indeed the case, then the Court certainly has knowledge of disputed evidentiary facts, i.e., that the purported loan and the purported tax documents said to evidence it are false and fraudulent.

Finally, because the Court has been improperly drawn into the Neals' financial matters to the extent of perhaps having to defend itself and having to refer this matter for possible criminal prosecution, the Court cannot properly sit in judgment on the Neals' civil matter.

For these reasons, the Court finds that recusal is mandated in this case.

**IT IS THEREFORE ORDERED** that the Court recuses in this matter, and directs the Clerk of Court to assign it to an alternate judge.

**IT IS FURTHER ORDERED** that this matter is referred to the United States District Attorney for the Western District of Arkansas, for criminal investigation of the documents relating to the undersigned found in case filings number 18, 19, and 20.

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**