IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-03061 |
| ) | |
| FRED NEAL, JR., individually and as ) | |
| TRUSTEE of the FRED NEAL, JR ) | |
| REVOCABLE TRUST; DORIS NEAL ) | |
| individually and as TRUSTEE of the ) | |
| DORIS NEAL REVOCABLE TRUST; ) | |
| JOHN H. SINCLAIR, as TRUSTEE of ) | |
| DEEP WATER DESIGNS; and ) | |
| DAVIS MUNCK, P.C., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF SALE

Judgment was entered in favor of the United States and against Fred Neal, Jr. and Doris Neal for the unpaid federal income taxes, penalties, and interest in the amount of $801,048.00 and $797,008.76, respectively, plus statutory additions accruing from December 5, 2007 until paid. Judgment was also entered foreclosing the federal tax liens against property ("the Property"), located in Boone County which is legally described as:

> The West Half of the Northwest Quarter; all that part of the Northeast Quarter of the Northwest Quarter lying West of County Road No. 45; all in Section Four (4), Township Nineteen (19) North, Range Eighteen (18) West, Boone County, Arkansas.
>
> The East Half of Section Five (5); Township Nineteen (19) North, Range (18) West, Boone County, Arkansas.
>
> The South Half of the Southeast Quarter of Section Thirty-two (32), Township Twenty (20) North, Range Eighteen (18) West, Boone County, Arkansas.

The West Half of the Southwest Quarter; all that part of the East Half of the Southwest Quarter lying west of County Road No. 45; all in Section Thirty-three (33), Township Twenty (20) North, Range Eighteen (18) West, Boone County, Arkansas. Also conveyed herewith is an Easement for septic tank drain field in a part of the Southwest Quarter of the Northwest Quarter of Section 33, Township 20 North, Range 18 West, and an Easement for unrestricted view in the Southwest Quarter of the Northwest Quarter of Section 33, Township 20 North, Range 18 West, as both Easements are described in Warranty Deed, dated February 17th, 1981, filed February 18, 1981, recorded in Deed Record 186, page 371.

Accordingly, it is hereby ORDERED as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), are authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are as follows:

    a. The sale of the Property shall be free and clear of the interests of Fred Neal, Jr., Individually and as Trustee of the Fred Neal, Jr. Revocable Trust; Doris Neal, Individually and as Trustee of the Doris Neal Revocable Trust; John H. Sinclair, as Trustee of Deep Water Designs; and Davis Munck, P.C.;

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

    d. The PALS shall announce the date and time for sale;

    e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Boone County, Arkansas and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the property and shall contain the terms and

conditions of sale in this order of sale;

      f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

      g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by certified or cashier's check payable to the United States District Court for the Western District of Arkansas, a minimum of twenty (20) percent of the bid. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

      h. The successful bidder(s) shall pay the balance of the purchase price for the Property to the clerk of this Court within thirty (30) days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the Western District of Arkansas. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the federal income tax liabilities of Fred and Doris Neal at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

      i. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that

are held or asserted by all parties to this action are discharged and extinguished.

   j. When this Court confirms the sale, the Boone County Circuit Clerk shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law to the county;

   k. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

   3. Until the Property is sold, Fred and Doris Neal shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

   4. All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Property 30 days after the date of this Order is

deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

5. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4 above, Fred and Doris Neal shall notify counsel for the United States of a forwarding address where they/she/he can be reached. Notification shall be made by contacting the Department of Justice, Tax Division's TaxFLU paralegal at (202) 514-6674.

6. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. After the Court confirms the sale, the sale proceeds are to be paid to the Clerk of this Court and applied to the following items, in the order specified:

    a. First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court. If the Government is the successful bidder, and therefore has not tendered cash, the Government shall tender to the PALS the expenses of the sale;

    b. Second, to all taxes unpaid and matured that are owed to Boone County, Arkansas for real property taxes on the property;

    c. Third, to the United States for all costs of this action, including the 10% surcharge permitted by 28 U.S.C. section 3011;

d. Fourth, to the federal income tax liabilities of Fred Neal, Jr. and Doris Neal for the years 1987 through 1994, plus all accrued interest, penalties, and other additions permitted by law;

e. Fifth, to Munck Carter, P.C. in satisfaction of the judgment against Fred Neal, Jr. and Doris Neal;

f. Sixth, any balance remaining after the above payments have been made shall be held by the Clerk until further order of the Court.

8. Nothing in this Order of Sale should be interpreted as having any legal effect on the transfer by Deep Water Designs to Ken Savells and Melanie Savells, husband and wife, and Wayne Keith and Judy Keith, husband and wife, of the following real property:

> The West Half of the Southwest Quarter; all in Section Four (4), Township Nineteen (19) North, Range Eighteen (18) West, Boone County, Arkansas.

This 80-acre tract, and its ultimate conveyance to the Savellses and the Keiths, is not at issue in the present case.

Signed this 29th day of May, 2009

_____
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 29 2009

CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

6